SO ORDERED.

SIGNED this 26 day of July, 2016.

_____
**Joseph N. Callaway**
**United States Bankruptcy Judge**

_____

UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF NORTH CAROLINA
GREENVILLE DIVISION

| | |
|---|---|
| IN RE: | CASE NO. |
| J.W. JOYNER | 16-00580-5-JNC |
| | CHAPTER 13 |
| DEBTOR | |

**ORDER AVOIDING UNSECURED SECOND DEED OF TRUST**

Pending before the court is the Motion to Value Collateral and Avoid Second Deed of Trust filed by J.W. Joyner (the "Debtor") on June 17, 2016. Dkt. 17 (the "Motion"). A hearing was held on July 20, 2016 in Greenville, North Carolina. The Motion seeks to avoid a second priority lien encumbering the Debtor's real property and residence pursuant to § 506 of the Bankruptcy Code and *In re Kidd*, 161 B.R. 769 (Bankr. E.D.N.C. 1993).

BACKGROUND

The Debtor filed a voluntary petition for relief under chapter 13 of the Bankruptcy Code on February 5, 2016. The bankruptcy court has jurisdiction over this matter pursuant to 28 U.S.C. § 1334 and 11 U.S.C. § 157. The Debtor owns real property located at 2640 Adcock Road, Whitaker, North Carolina 27891 recorded in Book 2006, Page 343, of the Halifax County Registry

("Real Property"). The Real Property serves as the Debtor's residence and was listed on his Schedule A/B.

The Real Property is encumbered by a first priority lien held by Household Realty Corporation ("HHR") and secured by a first Deed of Trust. On June 6, 2016, HHR filed Claim No. 8, reflecting an outstanding balance on the loan in the amount of $77,467.00. The Real Property is further encumbered by a second priority lien held by HHR and secured by a second Deed of Trust. On June 6, 2016, HHR filed Claim No. 7, reflecting an outstanding balance on that loan in the amount of $9,674.19.

## PREVIOUS CASE

The Debtor filed a prior case under chapter 13 on January 5, 2015, Case No. 15-00061-5-JNC. That case was dismissed on December 14, 2015. In that case, the Debtor filed a motion to avoid the second priority lien on August 24, 2015. On October 16, 2015, the court entered an order valuing the Real Property at $68,080.00 for purposes of stripping the second lien on the Real Property. *In re Joyner*, Case No. 15-00061-5-JNC (Bankr. E.D.N.C. Oct. 16, 2015) (Humrickhouse, C.J.), Dkt. 43 (the "Valuation Order"). The Valuation Order became final on November 15, 2015.

## DISCUSSION

Section 506(a) of the Bankruptcy Code provides that an allowed claim secured by a lien against property of the debtor is secured up to the amount of the value of the secured property and is unsecured in the amount that the claim exceeds the value of the property. Section 506(d) provides:

> (d) To the extent that a lien secures a claim against the debtor that is not an allowed secured claim, such lien is void, unless:

>  (1) such claim was disallowed only under section 502(b)(5) or 502(e) of this title; or
>  (2) such claim is not an allowed secured claim due only to the failure of any entity to filed a proof of such claim under section 501 of this title.

11 U.S.C. § 506(d). Section 506(d) operates to strip a lien on the debtor's residence that is entirely unsecured. *Kidd*, 161 B.R. 769.

Prior to filing the chapter 13 case, the Debtor consulted with Halifax County Tax Department concerning the value of the Real Property. The Real Property was listed on Schedule A/B of the Debtor's Voluntary Petition with a value of $65,800.00 based on these discussions. At the hearing, the Debtor testified that his only source of knowledge regarding the value of the Real Property comes from the Halifax County Tax Department. Reliance solely upon the county tax office ad valorem tax valuations is insufficient to establish property value for purposes of lien stripping. *See McDuffie v. West* (*In re West*), Case No. 5:15-CV-557-FL (E.D.N.C. July 15, 2016) (Flanagan, J.) (available on the bankruptcy court docket at Case No. 15-01628-5-DMW, Dkt. 59).[1] However, the court has the benefit of a valuation decision reached in the prior case involving the same parties issued within a year prior to the filing of this case, and the court will give collateral estoppel effect to that order.

As a result, the court finds the Real Property's value to be the $68,070.00 amount reached in the Valuation Order. The amount due under the first priority lien held by HHR therefore exceeds the actual value of the Real Property. Consequently, and pursuant to § 506, the second priority lien held by HHR is wholly unsecured and may be avoided pursuant to *In re Kidd*.

---

[1] The district court order is currently under seal but should be available for public viewing in early August 2016.

3

Accordingly, and pursuant to 11 U.S.C. § 506(d), the deed of trust in Book 2162, Page 27, in the Office of the Register of Deeds of Halifax County, held by Household Realty Corporation concerning the real property located at 2640 Adcock Road, Whitakers, North Carolina 27891 is **NULL AND VOID, UNLESS,** pursuant to 11 U.S.C. § 349(b)(1)(c), this case is later dismissed. For purposes of the chapter 13 plan, Claim No. 7 filed by Household Realty Corporation shall be treated as an unsecured claim.

**END OF DOCUMENT**